IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | NO. 1:12-CR-315-SCJ-AJB |
| RIGOBERTO AMAYA-CHAVEZ, | : | |
| a/k/a ANUAR; | : | |
| MARTIN TORRES; & | : | |
| ROMERO GILBERT ASDRUAL | : | |

## MOTION FOR VOICE EXEMPLARS

COMES NOW the United States of America by and through its counsel, Sally Quillian Yates, United States Attorney for the Northern District of Georgia, and moves this Court for an order directing each of the Defendants in the above-referenced action to furnish a voice exemplar to special agents of the Drug Enforcement Administration and/or any other appropriate law enforcement personnel. In support of this motion, the Government states the following:

1.      In this case, each defendant was indicted by a federal grand jury, and charged with conspiring to distribute a controlled substance, in violation of Title 21 U.S.C. §§ 841(a) and 846.

2.      The Government has in its possession numerous digital recordings that were made as part of court-authorized wire interceptions. Several of the recordings

are believed to contain conversations between defendants and other co-conspirators in this case. In these recordings, the speakers do not identify themselves by their true and full names.

3.      An exemplar of each defendant's voice is necessary so that the voices on the Title III recordings may be compared with a known sample of the defendant's voice. The results of such comparisons are highly relevant in proving the existence of an agreement between the defendant and the speakers. The Government seeks to use the defendant's voice exemplar for identification purposes only.

4.      Obtaining voice exemplars infringes on no interest protected by the privilege against compulsory self-incrimination. United States v. Dionisio, 410 U.S. 1, 5, 973 S.Ct. 764, 767 (1973). As long as the voice recordings are used solely to "measure the physical properties" of a defendant's voice, and "not for the testimonial or communicative content of what was to be said," no Fifth Amendment implications exist. 410 U.S. at 7, 973 S.Ct. at 768. Moreover, a directive for a voice exemplar is not an "unreasonable seizure" under the Fourth Amendment. 410 U.S. at 15, 973 S.Ct. at 772. As such, constitutional bar prevents obtaining such evidence.

WHEREFORE, the United States respectfully requests that this Court order each defendant to furnish forthwith to special agents of the Drug Enforcement Administration no later than 90 days prior to trial.

Respectfully submitted,

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY
/s/ Jenny R. Turner
JENNY R. TURNER
ASSISTANT UNITED STATES ATTORNEY
600 Richard Russell Building
75 Spring Street, S.W.
Atlanta, Georgia  30303
(404) 581-6084 (ph)
(404) 581-6171 (fax)
Georgia Bar No. 719439

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the persons listed below a copy of the foregoing document electronically:

Vernon Smith                                  Vionnette Reyes Johnson

This 26th day of October, 2012.

/s Jenny R. Turner
ASSISTANT UNITED STATES ATTORNEY